# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40766
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ARNALDO VERA-CHAVEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CR-72-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Jose Arnaldo Vera-Chavez contests his conviction for transporting an unlawful alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), as well as his conviction for conspiracy to transport an unlawful alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). He contends the evidence at trial was not sufficient to support his convictions.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-40766

Because Vera did not preserve his sufficiency challenges in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012); *see also United States v. Delgado*, 672 F.3d 320, 328–31 (5th Cir. 2012) (en banc) (plain-error review is appropriate for sufficiency challenges). Under that standard, Vera must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). On plain-error review of a sufficiency challenge where, as here, no motion for judgment of acquittal was made, Vera must demonstrate a "manifest miscarriage of justice", *United States v. Ruiz-Hernandez*, 890 F.3d 202, 209 (5th Cir.), *cert. denied*, 139 S. Ct. 278 (2018) (citation omitted), by showing "the record is *devoid of evidence* pointing to guilt or . . . the evidence is so tenuous that a conviction is shocking", *Delgado*, 672 F.3d at 331 (emphasis in original) (internal quotation marks and citation omitted). If he shows reversible plain error, we have the discretion to correct it, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Puckett*, 556 U.S. at 135.

To convict Vera under 8 U.S.C. § 1324(a)(1)(A)(ii) for the transporting offenses, the Government had to prove beyond a reasonable doubt that:

> (1) an alien entered or remained in the United States in violation of the law, (2) [Vera] transported the alien within the United States with intent to further the alien's unlawful presence, and (3) [Vera] knew or recklessly disregarded the fact that the alien was in the country in violation of the law.

*United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002) (footnote omitted). To convict him under 8 U.S.C. § 1324(a)(1)(A)(v)(I) (the conspiracy count), the Government had to additionally prove beyond a reasonable doubt that Vera "agreed with one or more persons to" commit the transporting offenses. *United States v. Jimenez-Elvirez*, 862 F.3d 527, 533–34 (5th Cir. 2017) (citation omitted).

2

No. 18-40766

Based on our viewing the evidence, as we must, "in the light most favorable to the [G]overnment, [and] giving the [G]overnment the benefit of all reasonable inferences", *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007) (internal quotations and citation omitted), Vera fails to show the record is devoid of evidence of his guilt, *see Delgado*, 672 F.3d at 331.

AFFIRMED.